IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| THOMAS WARREN RAY | * |
| Plaintiff | * |
| v | * Civil Action Case No. RDB-10-2960 |
| JUDGE DANIEL R. MUMFORD<br>THE STATES ATTORNEYS OFFICE<br>PUBLIC DEFENDERS OFFICE<br>UNIDENTIFIED DISTRICT JUDGE | *<br>*<br>* |
| Defendants | *** |

**MEMORANDUM OPINION**

Before the court are Thomas Warren Ray's prisoner civil rights complaint filed under 42 U.S.C. § 1983 and Motion to Proceed in Forma Pauperis. Upon review of the pleadings, the Court will grant the motion to proceed in forma pauperis and dismiss the Complaint.

**I. BACKGROUND**

Ray, who is proceeding pro se and is an inmate at the Worcester County Jail, claims that he sang an anti-British petroleum demonstration song on the boardwalk in Ocean City Maryland and was "kidnapped by police" and "tortured" in jail.[1] Complaint, p. 7. Ray requests "freedom" and unspecified injunctive relief. He also alleges on the back of his in forma pauperis motion that he is being denied basic health care and access to the law library.

---

[1] The Maryland Judiciary Case Search website at http://casesearch.courts.state.md.us shows that Ray is charged in the District Court for Worcester County with disturbing the peace in Criminal Case No.1100078541 and a trial is scheduled for November 16, 2010. Ray is also charged in the District Court for Worcester County with Malicious Destruction of Property in Excess of $500 in Case No. 0100085071, with trial scheduled for December 20, 2010.

## II. STANDARD OF REVIEW

Ray is a pro se litigant and the court accords his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007). Liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir.1990). The court is obliged to dismiss an action filed by a prisoner that fails to state a claim on which relief may be granted or seeks monetary relief from a defendant who is immune to such relief. *See* 28 U.S.C. §§ 1915(e) (2).

The standard for dismissal for failure to state a claim is analyzed under Fed. R. Civ. P. 12(b) (6) which tests the sufficiency of a complaint. Under Rule 8(a) (2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action" in order to survive a motion to dismiss. *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009). The case will be dismissed under this standard.

## III. DISCUSSION

### A. Claims Against Judge Mumford and "Unidentified " Judge

Apart from naming Judge Mumford and an unidentified judge as party defendants, Ray provides neither legal nor factual grounds why he believes they have violated his civil rights. Further, judges acting in their judicial capacity are absolutely immune from suit under the doctrine of judicial immunity. *See Mireless v.Waco*, 502 U.S. 9, 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356 (1987); *Chu v.Griffith*, 771 F.2d 79 (4th Cir. 1985).

### B. Claims Against States Attorney's Office and Public Defenders Office

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988). The Public Defender's Office and the States Attorneys Office are not "persons" subject to suit under § 1983.[2]

### C. *Younger* Doctrine

To the extent Ray's claims for injunctive relief are raised with respect to his on-going criminal prosecution in state court, his claims are barred pursuant to *Younger v. Harris*, 401 U.S. 37 (1971) which generally prohibits federal courts from interfering with pending state criminal proceedings. If Ray wants to raise claims against specific individuals for constitutionally inadequate medical care or denial of access to the courts, he may do so in a separate complaint.

---

[2] When prosecutors are acting within the scope of their duties, they enjoy immunity from damages liability for alleged civil rights violations committed in the course of proceedings that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Public defenders or court-appointed attorneys acting in their roles as advocates, are not acting under color of state law for § 1983 purposes. *See Polk County v. Dodson*, 454 U .S. 312, 320-25 (1981).

3

## IV. CONCLUSION

For the reasons stated above, the Court will dismiss and deny the Complaint. A separate order follows.

OCTOBER 29, 2010
Date

/s/ Richard D. Bennett
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE